HaaviONS, J.,
delivered the opinion of the Court.
This is a presentment for open and notorious lewdness.
Upon the trial, the Attorney-Greneral asked several witnesses, “if it was not the general rumor of the neighborhood that the defendant and Lucinda Price were living together in lewdness and adultery?” To which the defendant objected. The objection was overruled, and the witness stated: “ It was the general rumor of the neighborhood that they were living together in adultery.”
The defendant was convicted; and from the judgment of the Circuit Court, has appealed to this Court.
*172 The only question presented upon this record is, as to the competency of the proof.
This question came directly before this Court in the case of Belcher and Fox vs. The State: 8 Hum., 63.
In that case it was proved that the parties lived together publicly, and had been seen in bed together; and, thereupon, a witness for the State was asked by the Attorney-General if it “was not,notoriously known and talked of in the neighborhood in which the defendants lived, that they did live together openly, notoriously and publicly as man and wife, and in adultery?”
To the answering of this question the defendants’ counsel objected, which objection was overruled, and the witness permitted to answer the question, when the witness answered, that “it was rumored, talked of, and known in the neighborhood, that they lived there in adultery, not being married, and publicly.” Upon an appeal to this Court, Judge Green, in delivering the opinion of the Court, said: “ Now, this is proving the adultery by proof of the rumor and talk in the neighborhood that it existed. This cannot be done.”
We are unable to distinguish between the principles of that case and the one under consideration.
It follows, therefore, the Circuit Court erred in overruling the objection and admitting the testimony.
The judgment must, therefore, be reversed, and the case remanded.